Arvella HARRIS et al., Appellants,

v.

Griffin B. BELL, Attorney General of the United States, et al.

No. 76–1823.

United States Court of Appeals, District of Columbia Circuit.

Argued June 7, 1977.

Decided Aug. 8, 1977.

David F. Walbert, Atlanta, Ga., with whom Daniel D. Stier, Columbus, Ga., Ann Steinberg and Peter H. Rodgers, Washington, D. C., were on the brief, for appellants.

Judith E. Wolf, Atty., Dept. of Justice, Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and Walter W. Barnett, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Before McGOWAN, LEVENTHAL and ROBB, Circuit Judges.

Opinion for the Court Per Curiam.

PER CURIAM:

Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (Supp. V, 1975) bars states subject to the Act from implementing changes in their voting laws until (1) the state has obtained a declaratory judgment from the District Court for the District of Columbia that the proposed change "does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color," or (2) the proposed change has been submitted to the Attorney General of the United States, and he has not interposed an objection within 60 days thereafter. Although the Act does not expressly provide for withdrawal of objections made within the 60-day period, the Attorney General has promulgated a regulation which specifies that "[a]n objection shall be withdrawn if the submitting authority can produce information not previously available to it which

satisfies the Attorney General that the change does not have a racially discriminatory purpose or effect." 28 C.F.R. § 51.24; see id. §§ 51.23–.25.

Appellants in the instant case, four black individuals registered to vote in Meriwether County, Georgia, brought suit in the District Court seeking to overturn a decision by the Attorney General, pursuant to the above regulation, to withdraw his objection to a redistricting statute enacted by the Georgia legislature with respect to the Meriwether County Board of Commissioners. Count I of appellants' complaint alleged that the withdrawal was not in fact based on "previously unavailable" information and, accordingly, violated the Attorney General's own regulation and exceeded his authority under the Act. Count II asserted that the Voting Rights Act gives the Attorney General no authority to withdraw an objection after the sixty-day statutory period has elapsed, and that the Attorney General's action in doing so here was consequently unlawful. The third through the fifth counts of the complaint sought judicial review under the Administrative Procedure Act, claiming that the Attorney General failed to make a reasoned decision, and acted arbitrarily and capriciously, in withdrawing his objection to the statute in question.

On January 5, 1976, in response to appellees' motion to dismiss the complaint, the District Court issued an opinion and order, Harris v. Levi, 416 F.Supp. 208 (D.D.C. 1976), denying the motion to dismiss Count I, granting the motion to dismiss Count II, and staying consideration of the motion to dismiss Counts III–V pending adjudication of Count I. With regard to Count II, the court held that the power to revoke an objection is implied by the power to interpose one, and that the sixty-day period was intended only to limit the Attorney General's authority to interpose objections. Id. at 211. Appellees urged that the claims set forth in the remaining counts were not subject to judicial review, because section 5 of the Voting Rights Act precludes judicial review of actions taken by the Attorney General under its provisions, and commits the decision to interpose objections wholly to agency discretion. However, the District Court deferred consideration of the reviewability of Counts III through V, and ruled on the basis of Harper v. Levi, 171 U.S.App. D.C. 321, 520 F.2d 53 (1975) (holding reviewable the Attorney General's alleged failure to exercise his independent judgment before deciding not to object to a proposed voting change), that the "procedural" issue raised by Count I was a proper subject of review. 416 F.Supp. at 210–11.

Following discovery, the parties filed cross-motions for summary judgment on Count I. On June 4, 1976, the District Court ruled in favor of appellees, holding that the Attorney General had properly determined, in light of information which in fact was previously unavailable, that the entire administrative record no longer supported his initial objection. Harris v. Levi, 416 F.Supp. 211, 214 (D.D.C.1976). The District Court then proceeded to consider the reviewability of Counts III through V and, finding review implicitly precluded by section 5 of the Voting Rights Act and, in addition, that the challenged decision was wholly committed to the Attorney General's discretion, the Court granted appellees' motion to dismiss those counts. Id. at 214–17; see 5 U.S.C. § 701(a) (1970).

Appellants do not question the District Court's dismissal of Count II of their complaint, which claimed that the Attorney General was without power to withdraw the objection originally made by him in this case. Their appeal is limited to the District Court's order of June 4, 1976, and contends, first, that the District Court erred in holding against them on Count I; and, second, that they were entitled to judicial review of the claims advanced in Counts III to V of their complaint.

In light of two Supreme Court decisions announced subsequent to oral argument before this court, Morris v. Gressette, —— U.S. ——, 97 S.Ct. 2411, 53 L.Ed.2d 506 (1977), and Briscoe v. Bell, —— U.S. ——, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977), we find that the allegations made in Count I, as

well as those made in Counts III through V, are not subject to judicial review; and, following the approach adopted in *Briscoe v. Bell, supra,* we vacate the District Court's decisions with respect to Count I, and remand for dismissal of that count, in addition to affirming the dismissal of Counts III–V.

In *Morris v. Gressette, supra,* the Supreme Court in effect reversed *Harper v. Levi, supra,* the decision of this court which the District Court relied upon to conclude that Count I was subject to judicial review. Ruling on the same set of facts that was involved in *Harper,* the Supreme Court held that, in view of the harshness of the section 5 procedure *vis-a-vis* covered jurisdictions, and the language and history of the section, it must be inferred that Congress intended to preclude all judicial review of the Attorney General's failure to object to a proposed voting change within the sixty-day statutory period. *See —— U.S. at ——,* 97 S.Ct. at 2422 & n.24. Although *Morris* involved a failure to object rather than a decision to withdraw an objection previously interposed, the reasoning and indeed some of the language in the Supreme Court's opinion,[1] as well as the characterization of the *Morris* holding in *Briscoe v. Bell, supra, —— U.S. at ——,* 97 S.Ct. at 2432–3319,[2] leave no room for doubt that judicial review of the claims made in the instant case is also precluded. Assuming, as appellants concede for the purposes of this appeal, that the Attorney General has discretion to revoke objections on the basis of previously unavailable information, exercise of such discretion—like a failure to object initially within the sixty-day period—prevents the " 'dragging out' " of the statutory suspension of state voting laws, —— U.S. at ——, 97 S.Ct. at 2420, *quoting Switchmen's Union v. National Mediation Board,* 320 U.S. 297, 305, 64 S.Ct. 95, 88 L.Ed. 61 (1945); *see* note 2 *supra.* And, if there is to be no review of the Attorney General's application of the section 5 standards in deciding whether to interpose an objection within the sixty-day period, *see —— U.S. at ——,* 97 S.Ct. at 2421–22 nn. 23–24, we see no basis for allowing judicial review of the Attorney General's determination that previously unavailable information justifies withdrawal of an objection, or of his application of the statutory standards in the context of a decision to withdraw.

Thus, notwithstanding the fact that appellees have not reasserted in this court their contention that the Attorney General's compliance with his withdrawal regulation is not amenable to judicial review, we decline to reach the merits of Count I. This disposition is consonant with the approach followed in *Briscoe v. Bell, supra,* in which the Supreme Court held that, despite the failure by the Attorney General and the Director of the Census to contest the limited review function which the courts below had exercised, all judicial review of actions by those officials under section 4(b) of the Voting Rights Act is precluded.

The District Court's dismissal of Counts III through V of appellants' complaint is affirmed. The grant of summary judgment

---

1. The nature of the § 5 remedy . . . strongly suggests that Congress did not intend *the Attorney General's actions under that provision* to be subject to judicial review.

   —— U.S. at ——, 97 S.Ct. at 2419 (citation omitted) (emphasis supplied).

   Since judicial review of the Attorney General's actions would unavoidably extend [the period in which implementation of voting changes is barred], it is necessarily precluded.

   *Id.* at ——, 97 S.Ct. at 2414.

   Where the discriminatory character of an enactment is not detected upon review by the Attorney General, it can be challenged in traditional constitutional litigation. But it cannot be questioned in a suit seeking judicial review of the *Attorney General's exercise of discretion under § 5* . . . . .

   *Id.* (footnote deleted).

2. The opinion in *Briscoe* states:

   The significant part played by the discretionary authority of the Attorney General in administering the [Voting Rights] Act is . . underlined by *Morris v. Gressette* . . . . . Although § 5 contains no express preclusion of review, the Court concludes from its structure and purpose that Congress intended no prolonged suspension of the operation of validly enacted state laws to allow judicial review.

in favor of appellees on Count I is vacated, and the case is remanded to the District Court with instructions to dismiss the complaint.

*It is so ordered.*