AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
AFL-CIO, et al., Plaintiffs,

v.

FEDERAL LABOR RELATIONS
AUTHORITY, Defendant.

Civ. A. No. 83–2973.

United States District Court,
District of Columbia.

Sept. 24, 1984.

William J. Stone, Mark D. Roth, American Federation of Government Employees, AFL–CIO, Washington, D.C., for plaintiffs.

Ruth E. Peters, Steven H. Svartz, William E. Persina, Federal Labor Relations Authority, Washington, D.C., for defendant.

## MEMORANDUM

HAROLD H. GREENE, District Judge.

Plaintiffs, the American Federation of Government Employees, AFL-CIO (AFGE) and several of its affiliated locals and councils, challenge the failure of the Federal Labor Relations Authority (FLRA) to rule upon requests for stays submitted to it in connection with its review of arbitration awards. Plaintiffs allege that the FLRA's practice violates the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1);[1] the Federal Service Labor Management Relations Act (FLRA's enabling statute), 5 U.S.C. §§ 7105(a)(2)(H) and (I), 7121, and 7122; and the FLRA's own regulations, 5 C.F.R. § 2429.8. FLRA has filed a motion to dismiss or, in the alternative, for summary judgment, and plaintiffs have filed a cross-motion for summary judgment.[2] For the reasons stated below, plaintiffs' motion will be granted and defendant's will be denied.

## I

There are no material facts in dispute. The Federal Service Labor-Management Relations Act (the Labor Act), 5 U.S.C. §§ 7101–7135, requires federal agencies and unions representing federal employees to bargain over terms and conditions of employment. Section 7121 of the Act directs that "any collective bargaining agreement shall provide procedures for the settlement of grievances." Grievances not satisfactorily settled under the negotiated procedures may be submitted to binding arbitration by either party. § 7121(b)(3)(C); *American Fed. of Gov't Employees v. FLRA,* 712 F.2d 640, 641 (D.C.Cir.1983). Section 7122 establishes a procedure and sets forth the standard by which a party may take exceptions from an arbitration award to the FLRA. The FLRA may modify or set aside an award only on the ground that it is contrary to law, rule, or regulation, or on "other grounds similar to those applied by Federal courts in private sector labor-management relations." If neither party files exceptions to the award within 30 days of its issuance, the award becomes final and binding. § 7122(b).

 A party to an arbitration proceeding may request a stay of the award pending the FLRA's resolution of exceptions to that award. However, under the regulations, *the filing of exceptions does not itself operate as a stay of an award.* 5 C.F.R. § 2429.8(a). On the other hand, a timely request for a stay does operate as a "temporary stay," and it remains in effect "until the Authority issues its decision and order on the exceptions, or the Authority or its designee otherwise acts with respect to the request for a stay." § 2429(b). Subsection (c) of this regulation provides the standard for granting a request for a stay as follows:

> priate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.
>
> The request will be denied.
>
> Only declaratory and injunctive relief is sought on behalf of the class, and there is therefore no need for a class action. The Court can, without resort to a class action, fashion an order which provides relief both to plaintiffs and all other similarly situated persons. In such a situation, "a class action is neither useful nor required." *Coffin v. Secretary of Health, Education & Welfare,* 400 F.Supp. 953, 956 (D.D.C. 1975) and cases cited therein.

---

1. These sections of the APA require administrative agencies to rule on matters without unreasonable delay.

2. Plaintiffs have also requested that the Court certify this action as a class action pursuant to Rule 23(c)(1); Fed.R.Civ.P., the class to consist of all labor organizations that are parties to arbitration cases filed with the FLRA in which a federal employer has requested a stay of an arbitrator's award. Plaintiffs seek to maintain their class action under subdivision (b)(2) of the Rule, alleging that the FLRA has

 acted or refused to act on grounds generally applicable to the class, thereby making appro-

A request for a stay of an arbitrator's award will be granted only where it appears, based upon the facts and circumstances presented, that:

(1) There is a strong likelihood of success on the merits of the appeal; and

(2) A careful balancing of all the equities, including the public interest, warrants issuance of a stay.

When the complaint in this action was filed, 253 arbitration cases were pending before the Authority. Of these, 131 were brought by agencies, virtually all of them requesting stays of the arbitrator's award. The remaining 122 pending cases were brought by Unions, 9 of them requesting stays. The FLRA has not acted on any of these stay requests. Indeed, in the past five years, it has *never either granted or denied a single stay request*[3] but has instead adjudicated the merits of the case and rendered a final decision. That process, however, takes an average of 9.5 months.[4]

Plaintiffs object to the FLRA's practice of not ruling on requests for stays on the basis that this practice amounts *de facto* to the grant of stays without regard to the likelihood of success on the merits or the interests of the parties, including those of the public. This, according to plaintiffs, has two detrimental effects: (1) because of the FLRA practice, many agencies file exceptions and accompanying requests for stays simply to delay compliance with the award;[5] and (2) between the time the exceptions are filed and the time of the FLRA renders its final decision, the nonmoving party—usually the union—is denied its rights to enforce important, bargained for provisions.[6]

The FLRA does not deny that its failure to rule on such requests constitutes a *de facto* stay, but it simply argues that its practice regarding stays is within its sole discretion. The discretion is appropriately exercised as it has been because, it is said, by not allocating agency resources for the consideration of stay requests, it can conclude the proceedings and issue a final decision more promptly than would otherwise be possible.

## II

Before addressing the merits of the parties' arguments, the Court must first resolve the question of its jurisdiction.

According to the FLRA, the Court lacks subject matter jurisdiction over plaintiffs' claims for two reasons: First, Congress

3. The FLRA does state, however, that if a party opposing a stay can demonstrate special factors which, in the Authority's view, warrant prompt consideration of a stay request, it will either promptly act on the stay request or it will accord the case expedited treatment in order to issue a final decision more quickly. In all such cases to date (the exact number of which is unknown), the Authority has opted in favor of the expedited issuance of a final decision. See Defendant's Statement of Material Facts as to which There Is No Genuine Dispute at 7, and Affidavit of George W. Birch at 2–3.

4. The FLRA can take over two years to decide cases. See, *e.g.*, Arbitration Case No. 81K01533, in which a stay had been in effect for 28 months when this action was filed. According to the FLRA, an average of 12.6 percent of the awards appealed a year are modified, set aside, or remanded, while according to plaintiffs, only two percent of the awards submitted to the FLRA were set aside and only four percent were modified between January 11, 1979 (the effective date of the Act establishing the FLRA) and May 5, 1981. It may be noted that counsel for the FLRA conceded at oral argument that the 12.6 percent figure included those cases remanded to correct technical errors. Moreover, the FLRA's statistics do not include the cases that are at issue in this action, *i.e.*, those cases which have not yet been decided by the FLRA.

5. Plaintiffs cite to cases in which the appealing agency failed to provide even a conclusory statement as to why they believe a stay is appropriate, and instead they merely included a "stay request" as part of the title of its submission, or inserted a single line within the text. See *AFGE and Social Security Administration*, FMCS No. 82K09368 (1983); *AFGE, National Council of SSA Field Operations Locals and Region III, SSA*, FMCS No. 82K09368 (1983); and *Social Security Administration, and AFGE, Local 1164*, FMCS No. 81K25040 (1982).

6. For example, an arbitral decision concerning the proper interpretation or application of a collective bargaining agreement—which in the federal sector are typically for a two-year period—may be denied effect during the life of a contract if it is appealed and a request for a stay is filed.

intended to preclude judicial review of the FLRA's actions in cases involving exceptions to arbitration awards; and second, the agency's decisions on stays are interlocutory and therefore not reviewable. Neither contention has merit.

■ The issue here is not one of judicial review of the merits of arbitral awards or of the FLRA's decisions thereon but the broader question whether the FLRA's policy on stay requests generally adheres to the requirements of the Administrative Procedure Act, the agency's enabling statute, and its own regulations. There is no support for FLRA's argument that Congress intended to preclude federal courts from reviewing claimed violations of these statutes and regulations. The case law, statutory language, and the legislative history relied upon by the FLRA are not to the contrary.[7] In light of the heavy presumption in favor of judicial review of agency action and the absence of any congressional intent to preclude judicial review in a case such as this, the Court finds that it has subject matter jurisdiction to entertain plaintiffs' claims. See *Dunlop v. Bachowski*, 421 U.S. 560, 567, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967); *International Ladies' Garment Union v. Donovan*, 722 F.2d 795, 807 (D.C.Cir.1983); and *Local 1219, AFGE v. Donovan*, 683 F.2d 511, 517–18 (D.C.Cir. 1982).

■ The Court also rejects FLRA's argument that its practice concerning stay requests is nonreviewable under section 10(c) of the APA, 5 U.S.C. § 704, which provides that "final agency action" is subject to judicial review. If the FLRA did in fact grant or deny stay requests based on the factors listed in 5 C.F.R. § 2429.8(c), its actions would be interlocutory in nature and therefore not reviewable. Here, however, the FLRA has not decided the individual stay requests submitted to it, but instead has adopted and applied, without exception, a practice not to address a party's request for a stay and thereby to allow the "temporary stay" to remain in effect until it decides the merits of appeal. It is this practice that constitutes the "final agency action" which plaintiffs challenge and which the Court may and will review.[8]

### III

5 U.S.C. § 555(b) requires administrative agencies to decide issues presented to them

---

**7.** All of the materials cited by the agency refer to decisions on the merits. For example, in *Council of Prison Locals v. Brewer*, 735 F.2d 1497 (D.C.Cir.1984), the court held that Congress precluded direct judicial review of the orders of the Federal Service Impasses Panel, an entity within the FLRA, absent extraordinary circumstances. In that case, unlike the one pending before this Court, the plaintiff union sought review of the merits of the Panel's decision. Similarly, section 7123 of the Labor Act which provides only that

> [a]ny person aggrieved by any final order of the Authority other than an order under (1) section 7122 of this title (involving an award by an arbitrator), ... may ... institute an action for judicial review of the Authority's order in the United States [Circuit] court of appeals.

This language simply precludes judicial review in this Court on the merits. And the legislative history cited by the FLRA merely explains the rationale for judicial review on the merits, it does not support the FLRA's argument that Congress intended to foreclose judicial oversight of

all other FLRA action. See Conference Report of the Labor Act in which the conferees state that

> there will be no judicial review of the Authority's action on those arbitrators awards in grievance cases which are appealable to the Authority. The Authority will only be authorized to review the award of the arbitrator on very narrow grounds similar to the scope of judicial review of an arbitrator's award in the private sector. In light of the limited nature of the Authority's review, the conferees determined it would be inappropriate for there to be subsequent review by the court of appeals in such matters.

H.R.Rep. No. 95–1717, 95th Cong., 2d Sess. 153, Legis.Hist. at 821, U.S. Code Cong. & Admin. News 1978, pp. 2723, 2887.

**8.** The FLRA's practice concerning stay requests is "final" for the purposes of judicial review because it is not subject to alteration and it has legal consequence. *Intercity Transportation Co. v. United States*, 737 F.2d 103, 106 (D.C.Cir. 1984).

within a reasonable time, and 5 U.S.C. § 706(1) requires reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." See *Nader v. FCC*, 520 F.2d 182, 206 (D.C.Cir.1975).[9]

The FLRA argues that these provisions of the APA apply only to agency action which facilitates a speedier resolution of a final decision on the merits,[10] and that if the Court required it to act on stay requests prior to issuing a decision on the merits, this would not speed the final resolution of the case and could prolong the time needed to conclude an arbitration proceeding.

This argument has no support in the statutory language, case law, or common sense. Section 706(1) refers to "agency action unlawfully withheld or unreasonably delayed," not to "final agency action" so withheld or delayed. The agency has cited to no cases in which the reviewing court made the distinction that the FLRA would have this Court make—that is, that agency action unlawfully withheld may only be compelled if that would finally resolve or expedite the resolution of the administrative proceeding.[11]

It is unlikely, however, that FLRA consideration and action on stay requests will prolong the time needed to conclude an arbitration proceeding. The factors that the FLRA must consider in deciding whether to grant a stay—particularly likelihood of success on the merits—are not only relevant to the substantive decision but in some cases are the identical factors as those it will consider when it makes that decision.[12]

In any event, the Court finds that the alleged strain that an order requiring the FLRA to decide all stay requests would have on its "scarce staff resources" are greatly exaggerated, and are entitled to little weight. As the court noted in *Caswell v. Califano, supra*, "the vindication of almost every legal right has an impact on the allocation of scarce resources." 583 F.2d at 17. It may also be noted that, as many commentators have pointed out, the resources of the courts for dealing with increasing caseloads are not only scarce, they are in some areas greatly overtaxed. Yet it would hardly occur to a court—whether this Court or the Court of Appeals or indeed the Supreme Court—to deny all requests for stays or injunctions because of its overall workload.

The Court therefore concludes that the FLRA's practice violates the Administrative Procedure Act. Beyond that, that

9. Indeed, plaintiffs suggest that the FLRA's practice concerning stay requests is part and parcel of its general failure to carry out the purposes of the Labor Act, (citing *National Federation of Federal Employees v. FLRA*, 681 F.2d 886, 893 (D.C.Cir.1982), where the court noted that the FLRA's delay in resolving negotiability disputes was not unusual and admonished the FLRA to improve upon its performance).

10. The agency distinguishes such cases as *Wright v. Califano*, 587 F.2d 345 (7th Cir.1978), and *Caswell v. Califano*, 583 F.2d 9 (1st Cir. 1978), on the ground that the administrative action challenged, *i.e.*, lengthy delays by the Social Security Administration in scheduling hearings on denials of claims for benefits, was directly and integrally related to the time in which it would take the agency to reach a final decision.

11. In fact, in *Caswell v. Califano*, 583 F.2d 9 (1st Cir.1978), one of the decisions upon which the FLRA relies, the First Circuit in upholding the district court's order requiring the Social Securi-

ty Administration to reduce the lapse of time between a request for a hearing and scheduling of a hearing to within 90 days, noted that the order was narrowly drawn, and that

[n]o constraints were imposed as to the time in which a decision must be rendered after a hearing has been held. Thus, the ALJs are free to give as much attention to a particular case as its complexity requires.

583 F.2d at 17.

12. Plaintiffs would appear to be correct in speculating that, over the long run, the resolution of stay requests will reduce the amount of time required by the FLRA to review arbitration cases because if every party seeking a stay knows it has to establish the criteria set forth in 5 C.F.R. § 2429.8(c), there will be less incentive to file exceptions purely for reasons of delay and presumably no party will file a request for a stay unless it believes it can make the requisite showing.

practice is also violative of the agency's own regulations.[13] Subsection (c) of the FLRA regulations provides that

A request for a stay of an arbitrator's award will be granted only where it appears, based upon the facts and circumstances presented, that:

(1) There is a strong likelihood of success on the merits of the appeal; and

(2) A careful balancing of all the equities, including the public interest, warrants issuance of the stay.

5 C.F.R. § 2429.8(c). This regulation has the force of law and is fully binding on the agency. *Connecticut Light & Power Co. v. NRC*, 673 F.2d 525, 536 (D.C.Cir.1982).

The FLRA maintains that 5 C.F.R. § 2429.8 gives it an option—either it may decline to act on a stay request (in which case the award is effectively stayed by the request itself), or it may act on the request before resolving the merits of the exceptions to the award.[14] Under the FLRA's interpretation, the standard for granting a stay in subsection (c) applies only if it chooses the latter option—a choice that it argues is within its "unfettered discretion."

■ Although an agency's interpretation of its own regulations is entitled to defer-

ence, there are limits on when and how far a reviewing court should defer to the agency. *Shepherd v. MSPB*, 652 F.2d 1040, 1043 (D.C.Cir.1981). This is such a case. The Court finds that the FLRA's interpretation and actions to be totally inconsistent with the actual language of the regulation and its obvious meaning.[15] The FLRA's reliance on subsection (b)[16] does not alter that conclusion because the provision for a "temporary stay" under that subsection cannot rationally be interpreted to permit such a stay to remain in effect, as a matter of course, until the merits of an appeal are decided.

Section 2429.8, read in its entirety, requires the FLRA to exercise its discretion and decide whether to issue a stay based upon the particular facts and circumstances of the individual case presented. The Court rejects the FLRA's interpretation which would not only render subsection (c) superfluous, but it would also deny any effect to the term "temporary stay" in subsection (b).[17]

## IV

Plaintiffs suggest that the Court compel the FLRA to issue rulings on requests for

---

**13.** Plaintiffs also contend that the agency's practice contravenes the Labor Act which, they claim, demonstrates a clear congressional intent that labor, management, and employees in the federal service be provided with an arbitration process that will expeditiously resolve grievances, with only limited review and a presumption in favor of finality. See 5 U.S.C. § 7105(a)(2)(H) and (I); and see *Devine v. White*, 697 F.2d 421, 433 (D.C.Cir.1983). The FLRA counters that Congress left it to the Authority to issue implementing regulations. The Court need not resolve the questions raised by plaintiffs' statutory claim because the regulations promulgated by the FLRA themselves support plaintiffs' cause of action.

**14.** The FLRA states that if a party can present special factors warranting prompt consideration of a stay request (*i.e.*, a showing of irreparable harm if a temporary stay is allowed to remain in effect, or a showing that the exceptions are baseless and filed solely for the purpose of staying the arbitrator's award), then the FLRA may decide the stay request. Interestingly, *no such instance has occurred since the FLRA was established in 1979.*

**15.** As was the case in *Shepherd v. MSPB, supra,* this Court is not bound by the "agency's hidden intentions and idiosyncratic interpretations." The Court is instead required to give effect to the actual words and objective meanings of the regulation. 652 F.2d at 1045.

**16.** Subsection (b) provides

A timely request for a stay of an arbitrator's award to which an exception has been filed shall operate as a temporary stay of the award. Such temporary stay shall be deemed effective from the date of the award and shall remain in effect until the Authority issues its decision and order on the exception, or the Authority or its designee otherwise acts with respect to the request for the stay.

**17.** The FLRA's failure to abide by its own regulations, although not excusable, would be somewhat understandable if the FLRA overturned a large percentage of its cases. See *Caswell v. Califano, supra,* 583 F.2d at 18, *White v. Mathews,* 559 F.2d 852, 858 (2d Cir.1977). However, even under the FLRA's own calculations (see note 4 *supra* and accompanying text), the vast majority of cases appealed are affirmed without any change.

 

stays in all arbitration cases now pending before it no later than 35 days from the date of this Court's order. Plaintiffs would also have the Court require the FLRA to submit to the Court a list of all pending cases, their disposition, and the date of rulings on the stay request. Finally, plaintiffs request the Court to order the FLRA to develop within 35 days a proposed procedure for the expeditious ruling upon stay requests in future arbitration cases.[18]

A reviewing court has considerable discretion in formulating an equitable remedy to vindicate the rights of plaintiffs. However, it should be mindful not to deprive the agency of the flexibility it needs in individual cases. The Court notes that several courts faced with claims of unreasonable delay by administrative agencies have required agency action within specified time limits. See *Potomac Electric Power Co. v. ICC*, 702 F.2d 1026, 1035 (D.C.Cir. 1983); *Caswell v. Califano*, 583 F.2d 9, 17 (1st Cir.1978); *Barnett v. Califano*, 580 F.2d 28 (2d Cir.1978); *White v. Mathews*, 559 F.2d 852 (2d Cir.1977); *Nader v. FCC*, 520 F.2d 182 (D.C.Cir.1975).

The case at bar, however, differs in at least one significant respect from the cases cited above—here the agency action (or rather inaction) challenged is not that the FLRA has not decided the requests for stays within a reasonable time, but that it has refused to decide them altogether. The Court assumes that, once the agency understands its obligation to decide requests for stays rather than to ignore them, it will act in a lawful manner. The Court is therefore not prepared, at this time, to impose a specific deadline for the disposition of the pending stay requests. Instead, the Court will order (1) that the FLRA promptly decide all such pending requests in accordance with the standard set forth in 5 C.F.R. § 2429.8(c), and (2) that within 35 days hereof it develop and publish a procedure for the prompt disposition of all future stay requests. Should the

agency fail to do so, there will be time enough to impose specific deadlines. The Court will retain jurisdiction for a period of six months for that purpose.

---

**18.** This proposed procedure would be submitted to the Court for its review and approval. See

*Nader v. FCC*, 520 F.2d 182 (D.C.Cir.1975).