**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, et al., Plaintiffs,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, et al., Defendants.**

Civ. A. No. 83–2973.

United States District Court, District of Columbia.

July 25, 1990.

---

Mark D. Roth, Gen. Counsel, Anne M. Wagner, Staff Counsel, American Federation of Government Employees, AFL–CIO, Washington, D.C., for plaintiffs American Federation of Government Employees.

1. *See* 5 C.F.R. § 2429.8.

Ruth E. Peters, Sol., William E. Persina, Deputy Sol., Federal Labor Relations Authority, Washington, D.C., for defendants.

### MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Before the Court are cross-motions for summary judgment in an action challenging the Federal Labor Relations Authority's rescission of a regulation governing the granting of stays of arbitration awards.[1] Plaintiffs, labor unions representing federal employees, argue that the decision to rescind the regulation was arbitrary and capricious. For the reasons stated below, the Court grants summary judgment in defendants' favor.

At the time this action was brought, a party to an arbitration proceeding before the FLRA could make a request, pursuant to the stay regulation, of a stay of an award pending the agency's resolution of challenges to that award. The filing of an exception did not itself operate as a stay. A timely request for a stay, however, operated as a "temporary stay," which remained in effect until the agency acted on the request. Under the regulation, the FLRA could grant a request for a stay only if there was a strong likelihood of success on appeal of the award and the public's interest warranted a stay. 5 C.F.R. § 2429(b). The FLRA, over a period of years, engaged in a practice of never ruling on requests for stays.

Plaintiffs filed the instant action challenging that practice. They argued, among other things, that the policy of not ruling on requests for stays amounted to a de facto practice of granting stays without regard to the likelihood of success on the merits or the public interest in violation of 5 C.F.R. § 2429(b). On September 24, 1984, this Court granted summary judgment in plaintiffs' favor. *AFGE v. FLRA*, 593 F.Supp. 1203, 1207–08 (D.D.C.1984). In response to the decision, the FLRA began ruling on pending requests for stays as well as on new requests.

On September 23, 1986, the FLRA published a proposal to rescind the stay regulation, 51 C.F.R. § 33,846, and on December 22, 1986 the agency adopted the proposal. 51 C.F.R. § 45,751. Plaintiffs assert that rescission of the stay regulation violated the Federal Service Labor Management Relations Statute, 5 U.S.C. § 7122, which establishes standards for exceptions to arbitration awards, and that it was arbitrary and capricious. That, then is the issue before the Court.[2]

There is no evidence, however, that the decision to rescind the regulation was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See Motor Vehicle Mfrs. Assn. v. State Farm Mutual Insurance Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983) (rescission of agency regulation reviewed under arbitrary and capricious standard).

The rescission of the stay provision reflects the FLRA's belief that an arbitration award to which an exception has been taken, is not a final award for purposes of 5 U.S.C. § 7122(b). Since it is not a final award, compliance therewith is not required, and since compliance is unnecessary, a stay of compliance is also unnecessary.

The Court of Appeals for this Circuit has previously considered the agency's arguments in support of this view, and it concluded that section 7122(b) "is sufficiently ambiguous to permit both the FLRA's traditional construction [under which excepted-to judgments were considered final] and its newly advanced one [under which they are not]."[3] *AFGE v. FLRA*, 777 F.2d 751, 759 (D.C.Cir.1985) (Greene, J.); *see also, id.* at 757 ("whether such awards are final is an open one under the statute, to be determined as a matter of policy by the Authority"). That alone would appear to support

the conclusion that the rescission of the regulation was not arbitrary or capricious.

The FLRA's position is further grounded in a number of arguments based on statutory interpretation, legislative history and public policy. Plaintiffs advance basically three arguments which may be considered briefly.

First, plaintiffs assert that rescission of the stay regulation reverses the agency's long-standing position that excepted-to arbitration awards were final judgments, and citing *State Farm Mutual*, 463 U.S. at 42, 103 S.Ct. at 2866, they argue that such reversals of established positions require the agency to explain why it changed its position. *State Farm*, however, does not require such an explanation; the decision merely held that when an agency rescinds a rule, it must provide a "reasoned analysis ... beyond that which may be required when an agency does not act in the first instance." *Id.* The FLRA has done so. Plaintiffs' second argument is based on statutory interpretation and legislative history. However, as indicated *supra*, the Court of Appeals has already concluded that both the statute and its history are sufficiently ambiguous to permit the agency's interpretation. Plaintiffs' policy arguments are likewise foreclosed by the Court of Appeals' ruling that a policy-based interpretation of the statute is within the FLRA's discretion. *Id.* at 757.

Plaintiffs have succeeded in showing nothing more than that reasonable persons might disagree over how to best implement the statute. There is nothing to indicate that the agency's decision to rescind the regulation was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

Accordingly, it is this 24th day of July, 1990

---

**2.** Defendants question the Court's jurisdiction. However, the rescission of the regulation is claimed to constitute an implementation of the same policy that was before the Court in 1984, and the Court therefore retained jurisdiction. *See, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Fairview Park Excavating Co., Inc. v. Al*

*Monzo Construction Co.*, 560 F.2d 1122, 1125 (3rd Cir.1977).

**3.** The Court of Appeals ultimately ruled against the agency on the ground that it could not alter a regulation by means of an adjudication. 777 F.2d at 760.

ORDERED that plaintiffs' motion for summary judgment be and it is hereby denied; and it is further

ORDERED that defendants' motion for summary judgment be and it is hereby granted; and it is further ordered

ORDERED that the action be and it is hereby dismissed.