**LOCAL 1928, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, Plaintiff,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, et al., Defendants.**

**Civ. A. No. 84–1402.**

United States District Court, District of Columbia.

March 17, 1986.

Peter B. Broida, Ernest C. Hadley, Passman & Broida, Washington, D.C., for plaintiff.

Ruth E. Peters, Steven H. Svartz, William E. Persina, Robert J. Englehart, Federal Labor Relations Authority, Washington, D.C., for defendants.

## OPINION

JUNE L. GREEN, District Judge.

■ Plaintiff, Local 1928, American Federation of Government Employees ("AFGE" or "Union"), brought this suit against the Federal Labor Relations Authority ("FLRA") and several individually named defendants.[1] The focus of plaintiff's complaint is that the FLRA has violated both a statutory and constitutional mandate to decide exceptions to arbitration awards. Plaintiff seeks injunctive and declaratory relief, and a writ of mandamus to compel defendants to, *inter alia*, issue within 90 days of the Court's order a decision on exceptions to an arbitration award to which the Union was a party.[2] Defend-

1. Named individually are FLRA Member Henry B. Frazier, III, and FLRA Member William J. McGinnis, Jr. By a supplemental filing dated February 7, 1986, defendants informed the Court that Mr. McGinnis is no longer a member of the FLRA and that Jerry L. Calhoun now serves as Chairman. Accordingly, pursuant to Fed.R.Civ.P. 25(d), Mr. McGinnis automatically ceases to be a party to this action and Chairman Calhoun automatically becomes a party. Likewise, Jacqueline R. Bradley who was appointed to the previously vacant position of Executive Director/Administrator of the FLRA, effective January 19, 1986, becomes a party.

2. Plaintiff has also moved that the Court certify this action as a class action pursuant to Fed.R.

Civ.P. 23(c)(1), the class to consist of over 50 labor organizations that have received favorable arbitration awards to which exceptions have been filed by federal agencies and have not been decided by the FLRA despite the lapse of more than one year since the filing of those exceptions. Plaintiff seeks to maintain their class action under subdivision (b)(2) of Fed.R. Civ.P. 23, alleging that the FLRA "has acted on grounds that would make appropriate injunctive, declaratory and mandatory relief to the class as a whole."

The request is denied. Only declaratory and injunctive relief is sought on behalf of the class, and there is therefore no need for a class action. The Court can, without resort to a class action, fashion an order which provides relief to plain-

ants have filed a motion to dismiss the complaint. For the reasons stated below, the Court denies defendants' motion.

## I. *Background*

■ The Federal Service Labor-Management Relations Act (the "Statute"), 5 U.S.C. §§ 7101–7135, requires federal agencies and unions representing federal employees to bargain over terms and conditions of employment. Section 7121 of the Statute directs that "any collective bargaining agreement shall provide procedures for the settlement of grievances." Grievances not satisfactorily settled under the negotiated scheme may be submitted to binding arbitration by either party. 5 U.S.C. § 7121(b)(3)(c); *American Federation of Government Employees v. Federal Labor Relations Authority*, 712 F.2d 640, 641 (D.C.Cir.1983). Section 7105 empowers the FLRA to, among other things, resolve exceptions to arbitration awards. The procedures and standards by which a party may take exceptions from an arbitration award to the FLRA are set forth in section 7122. If no exception to an arbitrator's award is filed during the 30-day period following the date that the award is served on the party, the award shall be final and binding.

A party to an arbitration proceeding may request a stay of the award pending the FLRA's resolution of exceptions to the award. Under the regulations, however, the filing of exceptions does not itself operate as a stay of an award. 5 C.F.R. § 2429.8(a) (1985). On the other hand, a timely request for a stay does operate as a "temporary stay," and it remains in effect "until the [FLRA] issues its decision and order on the exceptions, or the [FLRA] ... acts with respect to the request for a stay." 5 C.F.R. § 2429.8(b) (1985).

This case had its genesis in a dispute between the Union and Naval Air Develop-

ment Center in Warminster, Pennsylvania, concerning environmental differential pay for work involving contact with asbestos and other hazardous materials. Pursuant to the collective bargaining agreement between the Union and the Naval Air Development Center, the dispute was referred to arbitration. Supplemental Complaint ¶ 6. On July 1, 1982, Arbitrator Peter Florey issued an interim arbitration award in favor of the Union. *Id.* ¶ 7.

Following a series of round-trips from Arbitrator to the parties and from FLRA to Arbitrator, on December 5, 1984, Arbitrator Florey issued a "Report to the FLRA" clarifying the grant of counsel fees in his interim award and granting the Union's counsel fees for the time spent on the remand. *Id.* ¶ 14. On December 26, 1984, the Navy filed more exceptions with the FLRA to the Arbitrator's clarified award. *Id.* ¶ 15.

The FLRA has not issued a decision on the exceptions filed by the Navy in December 1984, and these exceptions continue to act as an automatic stay of the award. *Id.* ¶ 16. Plaintiff contends that the FLRA has taken too long in issuing its decision on exceptions, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), 706(1), and the Statute, 5 U.S.C. § 7121.[3] *Id.* ¶ 17.

Defendants urge that this action be dismissed because Congress expressly intended to preclude judicial review of FLRA action in arbitration cases at the district court level. 5 U.S.C. § 7123; *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 97 n. 7, 104 S.Ct. 439, 444 n. 7, 78 L.Ed.2d 195 (1983). Secondly, defendants contend that plaintiff has failed to state a claim upon which relief may be granted because the delay at issue is not the kind of time period which can serve as the basis for mandamus relief. Fed.R.Civ.P. 12(b)(6);

tiff and all other similarly situated persons. In such a situation, "a class action is neither useful nor required." *Coffin v. Secretary of Health, Education & Welfare*, 400 F.Supp. 953, 956 (D.D.C.1975) and cases cited therein; *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S.Ct.

2193, 2200, 68 L.Ed.2d 693 (1981) (issue of whether a class may be certified is left to the discretion of the district court).

**3.** These sections require administrative agencies to rule on matters without unreasonable delay.

see *Community Nutrition Institute v. Novitch,* 773 F.2d 1356, 1361–62 (D.C.Cir. 1985).

## II. *Conclusions of Law*

Defendants' contention that this Court lacks subject matter jurisdiction largely misses the mark. As was the case in *American Federation of Government Employees v. Henry B. Frazier,* No. 85–2046, slip op. (D.D.C. Feb. 7, 1986), and *American Federation of Government Employees v. Federal Labor Relations Authority,* 593 F.Supp. 1203 (D.D.C.1984), plaintiff does not seek review of any decision of the FLRA. The sole basis of plaintiff's action is that, pursuant to 5 U.S.C. §§ 555(b), 706(1), the FLRA has a mandatory duty to issue decisions under section 7122 of the Statute in a timely fashion. Plaintiff contends that the FLRA has failed to do so in the past and is continuing to do so in the present.

The bulk of defendants' argument is inapposite. They cite authority construing section 7123 of the Statute which provides for direct judicial review for some matters only in the courts of appeals. *See, e.g., U.S. Marshals Service v. Federal Labor Relations Authority,* 708 F.2d 1417, 1420 (9th Cir.1983); *Columbia Power Trades Council v. Department of Energy,* 671 F.2d 325, 327 (9th Cir.1982).

Defendants press on, citing the legislative history of the Statute and the well-settled policy of deference to the arbitration process to show that Congress' intent to preclude federal courts from reviewing FLRA decisions involving arbitration awards. *See, e.g., United Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); H.R.Rep. No. 1717, 95th Cong., 2d Sess. 153 (1978) *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2887. Sections of legislative history cut and pasted to form a pleasing montage of "authority" will not serve to scare the Court off, either. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967) (jurisdiction favored where "clear and convincing evidence" of a con-

gressional intent to preclude judicial review is lacking).

■ Even if this Court is not empowered solely under section 555(b) of the APA to hear allegations of the FLRA's failure to conduct its affairs in accord with general provisions of the APA and its own enabling statute, plaintiff has cited express statutory provisions requiring "expeditious" resolution of exceptions and present a colorable claim of violation of that mandate. 5 U.S.C. §§ 706, 7105(a)(2)(H), 7121(b)(2). Under *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) and, more recently, *American Federation of Government Employees v. Federal Labor Relations Authority,* 778 F.2d 850, 860–61 n. 17 (D.C.Cir.1985), there is jurisdiction in this Court to determine whether defendants are in violation of the APA, the enabling Statute and their own regulations.

The Court recognizes that subject matter jurisdiction in controversies involving administrative agencies has been an issue that has caused significant confusion. *See Telecommunications Research and Action Center v. FCC,* 750 F.2d 70, 74–75 (D.C.Cir.1984) (*"TRAC"*). In *TRAC* the court held that where a special review statute commits final agency action to review by a court of appeals, the appellate court "has exclusive jurisdiction to hear suits seeking relief that might affect its future statutory power of review," such as mandamus action alleging unreasonable agency delay. *Id.* at 72. The court noted, however, that "there may be a small category of cases" in which review of the underlying claim does not lie within the jurisdiction of the court of appeals and, thus review by the district court would not affect the appellate court's future review authority under a special review statute. *Id.* at 78. Referring to *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, the court indicated that district court jurisdiction over an interlocutory claim such as one alleging unreasonable agency delay could be premised on 28 U.S.C. § 1331.

Here, there is no future statutory review that can be affected. *See* 5 U.S.C.

§ 7123(a)(1); *American Federation of Government Employees v. Federal Labor Relations Authority,* 675 F.2d 612. Once the FLRA has issued a final decision on an exception to an arbitration award, that decision is final in every sense.

As in *Public Citizen Health Research v. FDA,* 740 F.2d 21, 32 (D.C.Cir.1984), if the FLRA's delay amounts to an "abdication of statutory responsibility" the extraordinary remedy of mandamus would lie. *See also, American Federation of Government Employees v. National Labor Relations Authority,* 778 F.2d at 860–61 n. 17 ("If indeed the [FLRA] has ... fallen behind in its docket, there are legal ... techniques of forcing it to speed up the process.") (citations omitted).

■ Defendants' argument that plaintiff has failed to state a claim upon which relief may be granted is, likewise, without merit. Defendants cite cases where only agency delays of several years were found to be unreasonable, while the delay plaintiff complains of is little more than one year. *See, e.g., MCI Telecommunications Corp. v. FCC,* 627 F.2d 322 (D.C.Cir.1980); *Nader v. FCC,* 520 F.2d 182 (D.C.Cir.1975).

The cases cited by defendants actually show that a claim of unreasonable delay lodged against an administrative agency is one that courts have recognized. Furthermore, these cases simply demonstrate that unreasonable delay is a determination that must be made within the context of the agency's organic statute and the nature of the proceedings. *National Congress of Hispanic American Citizens v. Marshall,* 626 F.2d 882 (D.C.Cir.1979). Simply because defendants do not agree with plaintiff's claim that the FLRA's delay is unreasonable does not mean that plaintiff has failed to state a claim for relief. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff's claim is based on the contention that the Statute, 5 U.S.C. § 7101–7135, and the APA entitle it to have exceptions to arbitration awards decided in a timely fashion, and that, under the APA and 28 U.S.C. § 1361, this Court is of competent jurisdic-

tion to review the claim of unreasonable delay and grant the relief requested. The Court agrees and attaches an order denying defendants' motion to dismiss.