James W. THOMPSON

v.

UNITED STATES DEPARTMENT OF LABOR, William E. Brock, III in his capacity as Secretary of Labor, Helen Haase, in her official capacity as Director, Employment Standards Division, Office of Federal Contract Compliance Programs, Department of Labor, Robert Greaux, in his capacity as Regional Administrator, Employment Standards Division, Office of Federal Contract Compliance Programs.

Civ. A. No. 85–3875.

United States District Court, E.D. Pennsylvania.

May 19, 1986.

---

**21.** 786 F.2d at 692.

Judith A. Gran, Philadelphia, Pa., for plaintiff.

Beverly Dankowitz and Jerome J. Davis, U.S. Dept. of Labor, Office of Solicitor, Washington, D.C., and Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## OPINION

LUONGO, Chief Judge.

On May 21, 1979 plaintiff James W. Thompson filed a handicap discrimination complaint with the United States Department of Labor, Office of Federal Contract Compliance Programs (OFCCP). The OFCCP investigated Thompson's complaint and determined that his employer, a federal contractor, had violated § 503(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 793(a).[1] The OFCCP did not, however, institute enforcement proceedings or take final action on the matter, deciding instead to hold it in abeyance pending resolution of another case which involved a potentially dispositive jurisdictional issue. In this lawsuit against the Department of Labor and certain administrative officials, Thompson seeks a judgment declaring that defendants have a duty to enforce § 503 and an order enjoining them to take action on his administrative complaint. Defendants have moved for summary judgment, arguing that OFCCP's decisions concerning enforcement are not subject to judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06, and that plaintiff is not entitled to mandamus relief. Because I conclude that the decisions plaintiff challenges are committed to OFCCP's discretion, I will grant defendants' motion for summary judgment.

---

1. Section 503(a) requires that federal contractors, "in employing persons to carry out [a federal contract,] ... shall take affirmative action to employ and advance in employment qualified handicapped individuals."

■ The APA provides that a person "adversely affected or aggrieved by agency action [or failure to act, *see* 5 U.S.C. §§ 701(b)(2), 551(13) ] ... is entitled to judicial review thereof." *Id.* § 702. Section 701(a)(2) contains an exception to the general rule of reviewability for agency action "committed to agency discretion by law." The Supreme Court has applied this exception to an agency's decision not to institute enforcement proceedings, holding that such decisions "should be presumed immune from judicial review under § 701(a)(2)." *Heckler v. Chaney*, 470 U.S. 821, ——, 105 S.Ct. 1649, 1656, 84 L.Ed.2d 714 (1985). Although this case is somewhat different from *Chaney*, in that plaintiff seeks review of a decision to defer action on his complaint rather than of a final decision not to take enforcement action, I believe the same principle applies. Agency decisions concerning the exercise of enforcement power are inherently discretionary, and should be subject to review only if the statute which the agency administers "has provided guidelines for the agency to follow." *See id.*

■ The question before me, then, is whether the Rehabilitation Act provides guidelines which limit OFCCP in the exercise of its enforcement powers. I conclude that it does not. The Act provides:

> If any handicapped individual believes any contractor has failed or refuses to comply with the provisions of his contract with the United States, relating to employment of handicapped individuals, such individual may file a complaint with the Department of Labor. The Department shall promptly investigate such complaint and shall take such action thereon as the facts and circumstances warrant, consistent with the terms of such contract and the laws and regulations applicable thereto.

29 U.S.C. § 793(b). This language gives the Department of Labor complete discretion "not to institute administrative or legal enforcement proceedings regardless of whether a violation is found." *Presinzano v. Hoffman-LaRoche, Inc.*, 726 F.2d 105, 111 (3d Cir.1984).

Plaintiff argues that mandatory enforcement guidelines are set forth in the administrative regulations implementing the statute. The Third Circuit, however, rejected similar arguments in *Presinzano*, holding that the relevant regulations do not limit OFCCP's "traditional prosecutorial discretion." *Id.* at 110–11. Under the regulations, OFCCP is required to investigate employee complaints promptly. 41 C.F.R. § 60–741.26(e). Section 60–741.26(g) then provides, in pertinent part:

> (1) If the complaint investigation shows no violation of the Act or regulations in this part, or if the Director decides not to initiate administrative or legal proceedings against the contractor, the complainant shall be so notified. Within 30 days, the complainant may request review by the Director of such a finding or decision.
>
> (2) Where an investigation indicates that the contractor has not complied with the requirements of the Act or this part, efforts shall be made to secure compliance through conciliation and persuasion within a reasonable time.

Where informal resolution efforts do not succeed, § 60–741.28(a) provides that "the Director shall proceed in accordance with the enforcement procedures contained in this part."

Under these regulations, as interpreted by the Third Circuit in *Presinzano*, OFCCP could refuse to take enforcement action even if it found that Thompson's employer had violated the statute. *Presinzano*, 726 F.2d at 111. In my view, OFCCP's decision to suspend proceedings until it could determine if enforcement action was appropriate is no less within its discretion. As the Supreme Court held in *Chaney*, 470 U.S. at ——, 105 S.Ct. at 1656, "[t]he agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *See also Gillis v. United States Department of Health and Human Services*, 759 F.2d 565, 576–77 (6th Cir.1985); *Presinzano*, 726

F.2d at 112; *Andrews v. Conrail*, No. IP 83–1888–C, slip op. at 5–9 (S.D.Ind. Jan. 17, 1986). *But see Moon v. Secretary, United States Department of Labor*, 747 F.2d 599, 602–03 (11th Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 2117, 85 L.Ed.2d 481 (1985).

In light of these principles, I must conclude that I have little, if any, power to interfere with OFCCP's decisions concerning enforcement. Further, I note that OFCCP filed an administrative complaint on May 12, 1986 (immediately after I issued an order scheduling oral argument for May 15, 1986), thereby initiating enforcement proceedings on plaintiff's behalf. Had it not done so, I might have been inclined to hold that defendants' extreme delay in deciding whether to take action constituted a total abdication of their statutory responsibilities, justifying judicial intervention despite the principles enunciated in *Presinzano* and *Chaney*. *See* 5 U.S.C. § 706(1). Although OFCCP's sudden spurt of activity does not alleviate my concern about the length of time which has already elapsed and although, as plaintiff has pointed out, the initiation of proceedings is no guarantee that they will be completed with dispatch, OFCCP has exercised its discretion concerning enforcement and I have no authority to interfere.

■ Defendants also urge that plaintiff has not alleged facts which would entitle him to mandamus relief. I agree. Mandamus is an extraordinary remedy, available only when the petitioner shows that the government owes him "the performance of a legal duty 'so plainly prescribed as to be free from doubt.'" *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 25 (3d Cir.1975) (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972), *rev'd on other grounds*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974)). *See also Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1558 (11th Cir.1985); *Taylor v. United States Department of Labor*, 552 F.Supp. 728, 744–45 (E.D.Pa.1982), *aff'd mem.*, 725 F.2d 670 (3d Cir.1983). A

court may not issue a writ of mandamus "'to direct the exercise of administrative discretion within its lawful boundaries.'" *Id.* at 745 (quoting *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir.1978)).

■ As I have already discussed, both 29 U.S.C. § 793(b) and its implementing regulations leave enforcement matters to the discretion of OFCCP. OFCCP has now, albeit belatedly, exercised its discretion, and plaintiff has not shown that defendants owe him a clear ministerial duty to proceed with his case in any particular way. Accordingly, mandamus is not an appropriate remedy.

Because plaintiff is entitled neither to judicial review of OFCCP's actions nor to mandamus relief, defendants' motion for summary judgment will be granted.