James THOMPSON, Appellant,

v.

UNITED STATES DEPARTMENT OF LABOR, and William E. Brock, Secretary of Labor, and Helen Haase, Director, Employment Standards Division, Office of Federal Contract Compliance Programs, Department of Labor, and Robert Greaux, Regional Administrator, Employment Standards Division, Office of Federal Contract Compliance Programs, Appellees.

No. 86–1371.

United States Court of Appeals, Third Circuit.

Argued Jan. 21, 1987.

Decided March 11, 1987.

Frank J. Laski, Judith A. Gran (argued), Public Interest Law Center of Philadelphia, Philadelphia, Pa., for appellant.

George R. Salem, Sol. of Labor, James D. Henry, Associate Sol., A. Penny Dash, Counsel for Litigation, Beverly I. Dankowitz (argued), Atty., U.S. Dept. of Labor, Washington, D.C.

Edward S.G. Dennis, U.S. Atty., Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for appellees.

Before SEITZ, BECKER and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

James Thompson appeals a final judgment entered on behalf of defendants United States Department of Labor (DOL), William E. Brock, Secretary of Labor (Secretary), Helen Haase, Director of the Employment Standards Division, Office of Federal Contract Compliance Programs (OFCCP) and Robert Greaux, Regional Administrator of OFCCP. We have jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

In May 1979 Thompson filed a complaint with OFCCP alleging that PPG Industries

(PPG) had discriminated against him in hiring or promotion at its Tipton, Pennsylvania plant in violation of Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793 (1982). OFCCP investigated the complaint and in November 1981 issued a Notification of Results of Investigation which contained findings that PPG was a government contractor within the coverage of Section 503 and that the conduct complained of violated PPG's obligations under the Act.

OFCCP initiated conciliation. efforts. PPG responded by challenging OFCCP's jurisdiction over Thompson's complaint. PPG asserted that it performed no federal contract work at its Tipton facility, and that therefore Thompson would not have been employed to carry out a federal contract as required to invoke Section 503(a). PPG based this defense on a then recent recommended decision by a DOL administrative law judge (ALJ) to that effect in another Section 503 proceeding, *OFCCP v. Western Electric*, 80–OFCCP–29. The conciliation effort failed. Thereafter, OFCCP's Pittsburgh Area Office recommended to the Regional Office that the case should proceed to enforcement.

At the time the enforcement recommendation against PPG was prepared, the *Western Electric* proceeding was pending on appeal to the Deputy Under Secretary for Employment Standards. Because the coverage issue raised by PPG was identical to the issue pending in *Western Electric*, OFCCP's Region III did not act on the enforcement recommendation of the Pittsburgh Area Office. Instead, Region III directed the Area Office to hold further action on Thompson's complaint pending resolution of *Western Electric*. By letter dated April 1984, OFCCP informed Thompson of the status of his complaint.

The Deputy Under Secretary issued a Remand Decision and Order in *Western Electric* on April 24, 1985. The decision rejected the ALJ's proposed jurisdictional holding. However, so far as this record shows, Thompson's claim was not immediately reactivated. Thompson filed this action in the district court in July 1985. He alleged that OFCCP had improperly ceased processing his complaint, and sought an order compelling OFCCP to resume its

prosecution. Thompson also alleged that DOL had unreasonably delayed resolution of his case, and requested a judgment compelling DOL to conclude proceedings on his complaint within a reasonable time. He sought declaratory and injunctive relief under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* (1982 and Supp. III 1985) and mandamus under 28 U.S.C. § 1361 (1982).

By memorandum dated September 4, 1985, which was shortly after Thompson filed this action, defendant Haase directed all Assistant Regional Administrators of OFCCP to reactivate all cases held in abeyance pending *Western Electric*. On October 1, 1985, defendants moved for summary judgment.

Region III reactivated Thompson's complaint and transmitted the file to OFCCP's National Office in November 1985, seeking approval to refer the matter to the Office of the Solicitor for enforcement. The National Office approved referral and returned the file to Region III on November 21, 1985 for immediate referral to the Regional Solicitor.

On May 12, 1986, the Regional Solicitor filed an administrative complaint under Section 503 alleging that PPG had unlawfully discriminated against Thompson on the basis of his handicap, epilepsy. The complaint sought full remedial relief for Thompson in the form of back pay, fringe benefits and retroactive seniority.

Based on the foregoing record, the district court, by order entered May 19, 1986, granted the defendants' motion for summary judgment. 635 F.Supp. 302. The court's accompanying memorandum opinion concluded that OFCCP's decision to defer enforcement was an unreviewable act of agency discretion, thus precluding APA review of the hold. The court also denied mandamus relief from the hold on the ground that OFCCP's decision was committed to agency discretion. Because administrative proceedings had then been initiated, the court also rejected Thompson's APA claim to compel DOL to conclude the administrative proceedings. Finally, the court denied Thompson's request for mandamus to compel expeditious processing of his adminis-

trative complaint because it concluded "plaintiff has not demonstrated that the defendants owe him a clear ministerial duty to proceed with his case in any particular way." This appeal followed.

## II

■ The defendants assert that Thompson's mandamus and APA claims against OFCCP based on the hold are moot because OFCCP renewed prosecution of Thompson's complaint, thus voluntarily and indisputably ceasing the challenged practice. We take notice that the factual basis for the mootness argument as to this claim existed prior to the date of the district court's summary judgment determination. Thus, the issue is whether the district court should have dismissed this portion of Thompson's complaint for mootness. Our review of this issue is plenary.

The voluntary cessation of official activity or policy may, of course, moot a case. *New Jersey Turnpike Authority v. Jersey Central Power and Light,* 772 F.2d 25, 31 (3rd Cir.1985). The defendants, however, bear a "heavy burden" to establish mootness in such a case. *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 72, 104 S.Ct. 373, 375, 78 L.Ed.2d 58 (1983). Two conditions must be met in order for cessation of a challenged policy to moot a case. First, there must be no reasonable likelihood that the alleged wrong will recur. *Iron Arrow,* 464 U.S. at 72, 104 S.Ct. at 375. This criterion has been interpreted to require more than speculation that a challenged activity will be resumed. *Preiser v. Newkirk,* 422 U.S. 395, 403, 95 S.Ct. 2330, 2335, 45 L.Ed.2d 272 (1975). Second, the party seeking relief must have been made whole. *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

OFCCP's reactivation of Thompson's complaint satisfies both conditions. The only relief Thompson could secure regarding the OFCCP hold was termination of the hold and resumption of prosecution of his complaint. The record indicates that OFCCP has not only resumed prosecution of Thompson's complaint, but it has concluded its responsibility for handling the complaint by referring the complaint to the Regional Solicitor's office for initiation of formal administrative proceedings against PPG.

■ Thompson argues, however, that the case is not moot because it is the type of case that is capable of repetition yet might evade review. The "capable of repetition, yet evading review" doctrine is limited to situations where two conditions are satisfied. The challenged action must be too short in duration to be fully litigated prior to the cessation of litigation and there must be a reasonable expectation that the same complaining party would be subject to the same action again. *Jersey Central,* 772 F.2d at 31. While Thompson contends that both conditions are satisfied in this case, we do not agree. The first condition cannot be satisfied because the challenged action went on for years, and Thompson took no action until at least one year after he learned of the OFCCP hold. The second condition cannot be satisfied because the administrative complaint has been filed, and OFCCP is no longer responsible for processing Thompson's complaint. Accordingly, Thompson's argument must fail. Thus, we need not determine what remedy, if any, would have been available had he succeeded on the merits of his claim.

Thompson's complaint should have been dismissed by the district court for mootness insofar as it sought relief from the OFCCP hold.

## III

■ Thompson next contends the district court erred in granting summary judgment on his mandamus and APA claims seeking to compel DOL to conclude proceedings on his complaint within a reasonable time. Since these proceedings are still undecided no mootness issue is involved. Our review of the district court's summary judgment order is plenary.

In the instant case, no statute other than the APA designates a particular court for judicial review of DOL's ultimate resolution of Thompson's complaint. Accordingly, such review, if necessary, will take place in the district court. 5 U.S.C. § 703 (1982); *State of Illinois Department of Public Aid v. Schweiker,* 707 F.23d 273,

277 (7th Cir.1983). Since under the circumstances we are not confronted with a case where judicial review of the ultimate agency action lies in this court as an original matter, we need not decide in which court relief from undue delay must be sought and whether APA or mandamus relief would be appropriate in such a case.

The APA directs agencies to conclude matters presented to them "[w]ith due regard for the convenience and necessity of the parties ... and within a reasonable time." 5 U.S.C. § 555(b) (1982). It further provides that a "person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant section, is entitled to judicial review thereof." 5 U.S.C. § 702 (1982 and Supp. III 1985). Finally, the APA authorizes actions for a mandatory injunction to enforce compliance with its requirements, 5 U.S.C. § 703 (1982), and requires reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (1982).

In light of the foregoing provisions of the APA, we believe that it authorizes actions in the district court to compel agency action unlawfully withheld or unreasonably delayed, at least in cases where judicial review of an agency's final action would be in the district court in the first instance. *United States v. Von Neumann*, 474 U.S. 242, 106 S.Ct. 610, 617 and n. *, 88 L.Ed.2d 587 (1986) (Stevens, J., concurring in the judgment)(noting that defendants conceded aggrieved party can bring APA suit to compel resolution of petition for remission or mitigation in unreasonably delayed forfeiture proceedings); *International Association of Machinists and Aerospace Workers v. National Mediation Board*, 425 F.2d 527, 534–37 (D.C.Cir.1970); *Local 1928, American Federation of Government Employees v. Federal Labor Relations Authority*, 630 F.Supp. 947, 950 (D.D.C.1986).

The fact that the agency action challenged is not "final" does not alter our analysis here. The APA "give[s] courts authority to review ongoing agency proceedings to ensure that they resolve the questions in issue within a reasonable time." *Public Citizen Health Research Group v. Commissioner, Food and Drug Administration*, 740 F.2d 21, 32 (D.C.Cir. 1984). The enactment of a statutory remedy for unreasonable administrative delay creates, in our view, a special form of administrative finality. Any other approach would render illusory that duty and remedy created by the APA.

We therefore conclude that the district court was authorized by the APA to provide a remedy for undue agency delay.

▆▆▆ Thompson contends that he has made out a case for mandamus, and that the district court simply erred in declining to afford such relief.[1] Thompson misconstrues the availability of the mandamus remedy afforded by Section 1361. Relief under Section 1361 presumes the absence of an adequate alternative remedy. *Fairview Township, York County v. United States Environmental Protection Agency*, 773 F.2d 517, 528 (3rd Cir.1985). Since, as we have concluded, Thompson has an adequate remedy under the APA, he is not entitled to relief under Section 1361.

▆▆▆ The district court granted the defendants' motion for summary judgment because it believed the filing of the administrative complaint against PPG deprived the court of "authority to interfere." In so ruling, the district court labored under a misconception. The APA requires the appropriate reviewing court to compel agency action unreasonably delayed. The fact that an administrative complaint has finally been filed in this matter, virtually seven years after Thompson initiated his complaint with DOL, does not relieve the district court of its statutory duty to determine whether DOL has unreasonably delayed resolution of Thompson's complaint, and, if so, what the appropriate remedy should be. Thompson's claim must be remanded for determination of such issues.

---

1. 28 U.S.C. § 1361 provides:

   The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

## IV

Insofar as Thompson's complaint seeks relief from the OFCCP hold, the appeal will be remanded to the district court with a direction to vacate its summary judgment order and dismiss the claim without prejudice as moot.

Insofar as Thompson's complaint asserts a claim under the APA based on DOL's failure to conclude the proceedings on his complaint within a reasonable time, the summary judgment order will be reversed and the claim remanded to the district court for prompt resolution.

Costs are assessed against defendants.